## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KURT JAMES, JULIE STEWART, AND
ZAKER AHMED, *on behalf of themselves and all
others similarly situated,*

               PLAINTIFFS,

V.

VENTURE HOME SOLAR, LLC,
VENTURE COMMERCIAL NYC, LLC, AND
VENTURE SOLAR COMMERCIAL, LLC,

               DEFENDANTS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 21-CV-1306

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Kurt James, Julie Stewart, and Zaker Ahmed, (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action against Venture Home Solar, LLC ("Venture Solar"), Venture Commercial NYC, LLC ("Venture Commercial NYC"), and Venture Solar Commercial, LLC ("Venture Commercial") (collectively, "Defendants"), and allege as follows, based upon information and belief except as to the allegations specifically pertaining to themselves which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action lawsuit on behalf of all residential persons or commercial entities residing or located in Connecticut, New York, New Jersey, Rhode Island, Massachusetts, and New Hampshire, who leased or purchased a solar panel system marketed by Defendants and who did not receive the offset on their electricity usage charges promised by Defendants, (the "Class"), during the class periods as determined by the applicable State statutes of limitations,

and continuing until Defendants' unlawful acts and the effects of their acts cease (the "Class Periods").

2.      Defendants promised each Plaintiff and Class member that their electricity usage bills would be offset upon installation and commencement of service of a solar panel system Defendants marketed to them, and that they would benefit from significant (if not complete) savings – "offsets" – on their electricity usage charges.  These offset promises were included in contracts provided to Plaintiffs and the members of the Class by Defendants.

3.      Defendants knew or should have known that the solar systems they were marketing could not provide sufficient electricity to provide the represented offset, and despite numerous complaints from their consumers, they continue to market solar panel systems with the promise of a substantial (if not complete) offset of electricity bills.

4.      Defendants' conduct constitutes a deceptive trade practice.

5.      Plaintiffs and the Class were deceived and have lost significant amounts of money as a result of Defendants' actions, as further explained herein.

**PARTIES**

6.      Plaintiff Kurt James is a citizen of Connecticut, residing in New Haven county.

7.      Plaintiff Julie Stewart is a citizen of Connecticut, residing in New Haven county.

8.      Plaintiff Zaker Ahmed is a citizen of New York, residing in Queens county.

9.      Defendant Venture Solar is a Delaware LLC with its principal place of business at 67 West Street Brooklyn, Suite 211, New York 11222.  Venture Solar is the entity that marketed solar panel systems to Plaintiffs and the residential members of the Class.  During the Class Periods, Venture Solar marketed solar panel systems to Plaintiffs and the residential and commercial members of the Class in the northeast United States, including in Connecticut, New York, New Jersey, Rhode Island, Massachusetts, and New Hampshire.

10.     Defendant Venture Commercial NYC is a New York LLC with its principal place of business at 67 West Street, Brooklyn, New York 11222.  Venture Commercial NYC is an entity that marketed solar panel systems to commercial entities included in the Class.  During the Class Periods, Venture Commercial NYC marketed solar panel systems to the commercial members of the Class in the northeast United States, including in Connecticut, New York, New Jersey, Rhode Island, Massachusetts, and New Hampshire.

11.     Defendant Venture Commercial is a Delaware LLC with its principal place of business at 67 West Street, Brooklyn, New York 11222.  Venture Commercial is an entity that marketed solar panel systems to commercial entities included in the Class.  During the Class Periods, Venture Commercial marketed solar panel systems to the commercial members of the Class in the northeast United States, including in Connecticut, New York, New Jersey, Rhode Island, Massachusetts, and New Hampshire.

12.     Venture Solar, Venture Commercial NYC, and Venture Commercial operate so in concert and together in a common enterprise and through related activities so the actions of one may be imputed to the other and/or that their corporate formality should be disregarded for purposes of attributing their unlawful conduct to Defendants jointly.  They share the same business address, as noted above.  They also market through the same website: https://venturesolar.com/.  Venture Solar and Venture Commercial NYC were filed in NY within one month of each other, and use the same entity for process service, "The LLC." Similarly, Venture Commercial uses Venture Solar for its service of process.

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in

controversy exceeds $5,000,000 exclusive of interests and costs given that Defendants marketed each solar power system to Plaintiffs and the members of the Class in amounts of upwards of $60,000, and in some instances for more, and that there are over 10,000 members of the Class.

14.     This Court has personal jurisdiction over Defendants because both conducted a substantial portion of the relevant conduct alleged in this Complaint in this District during the Class Periods.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim alleged herein occurred in this District and Defendants are subject to this Court's personal jurisdiction.

## **FACTUAL ALLEGATIONS**

16.     Plaintiffs and Class Members are individuals and entities who were promised an offset of their electricity bills if they used a solar panel system marketed by Defendants, but instead did not receive an offset for most, if not all, of the electricity bills they received after they started using the solar power systems marketed by Defendants.

17.     Defendants market solar power systems, the sale of which are part of the deregulated energy supply market in the northeastern United States. This is a competitive market where companies marketing such systems have to differentiate themselves from competing companies also seeking residential or commercial customers.  Defendants, in their zeal of getting new customers, have utilized a deceptive sales scheme, characterized by misleading promises and, as specifically as is at issue in this case, over-promises of energy savings that Defendants know or should have known are not obtainable.

18.     Defendants' scheme utilized, and still utilizes, various methods of inducement, including but not limited to, aggressive marketing tactics, referral bonuses for recruiting new customers, touting high-quality equipment, aesthetically-pleasing product superior to their

competitors (even so much that they promise $100 savings towards a solar panel system if a consumer finds a better looking install of solar panels), boasting outstanding reviews from previous customers in an effort to attract new customers (even though they know not all their reviews are in fact outstanding), claiming local expertise with applicable laws and regulations, and touting great customer service.  All of these marketing pitches are made in order to entice customers to purchase or lease a solar panel system marketed by Defendants.

19.     Finally, and most importantly, Defendants make a false promise of a substantial offset in electricity usage charges.

20.     The scheme involves Defendants touting on their website how "Your Neighbors Love Venture Solar" with a map showing dots representing customers who purchased the product (notwithstanding that they have received hundreds, if not thousands, of complaints about the ineffectiveness of the solar panel systems, and thus the inability to benefit from an electricity usage charge offset):



21.     In addition, Defendants utilize e-mails, telephone calls, and salesperson home visits to tout the solar panel systems they are marketing and the unrealizable electricity offsets, which representations are known or should have been known to be false and misleading.

22.      The culminating point in Defendants' scheme is the scheduling of a consultation with the consumer, as well as a site assessment, to determine how much energy a particular

consumer's residence requires and how many solar panels should be installed on the consumer's roof.  With that information, Defendants issue a quote to the consumer, which typically includes the cost of the project as well as performance expectations in the form of an electricity bill offset. This number is shared as a percentage and is typically memorialized on the cover page of the consumer's contract or in the written quote provided to the consumer before signing the contract.

23.     Representative examples of how Defendants present offset quotes to consumers in their contracts or elsewhere are as follows:

## venture solar

| 5000 kWh | 5,148 kWh | Over 100% | $0 |
|---|---|---|---|
| Annual Usage | Annual Production | Utility Offset | Upfront Payment |

| | Utility | Solar | Your System |
|---|---|---|---|
| Rate per kWh | $.22 | $0.15 | • Sunnova solar service always includes 25 years of repairs, maintenance, and monitoring. |
| Average Bill | $92 | $66 | • Sunnova monthly payment includes a $15 discount for enrolling in automatic payments. |
| Total Savings | $0 | $22,313 | • 2.9% annual increase. |

Solar done *right*.

venturesolar.com
800-203-4158

Congratulations!   You're on the way to saving with solar.   venture solar

| $14,724 | Upfront Payment | 5238 | kWh Annually |
|---|---|---|---|
| 0% | Annual Increase | $0 | Monthly Payment |
| 105% | Utility Offset | $3,831.75 | Federal Tax Credit |

24.     A significant utility offset number, which translates to a significant amount of cost savings to the consumer, is a material term in inducing consumers to purchase or lease a solar

panel system marketed by Defendants because otherwise Plaintiffs and the Class would have no monetary incentive to do so.

25.     Based on other customer experiences, Defendants knew or should have known they could not fulfill their material promise and nonetheless induced consumers to pay prices for solar panel systems without enjoying the material benefits of offsets, thereby leaving consumers the "double whammy" of having to pay for the solar system and continue to pay electricity bills similar to those which they had previously paid.

### *Plaintiffs and the Class Were All Given the Same Deceptive Sales Pitch*

26.     Not surprisingly, Defendants pitched their deceptive marketing scheme to thousands of people, in effectively the same way.

27.     Plaintiffs and the Class were told that they would receive full or substantially full offsets and hence not have to pay for, or any material amounts for, electricity usage once they installed and started using the solar panel systems marketed by Defendants.

28.     These promises were memorialized in purchase or lease agreements provided by Defendants to Plaintiffs and the Class.

### *Plaintiff Kurt James's Experience*

29.     On or about January 29, 2020, a Defendants' representative came to Plaintiff Kurt James's home.  At that time, the representative explained the savings Mr. James would achieve if he started using a solar panel system sold by Defendants as the system would fully offset his electricity usage bills from his current electricity provider.

30.     On or about January 29, 2020, in reliance on a promised offset of 104%, which was memorialized in the purchase agreement provided by Defendants, Plaintiff James purchased a solar panel system through Defendants.

31.     Plaintiff James's solar panel system was installed in March 2020, and service commenced during July 2020.

32.     Contrary to Defendants' representations, Plaintiff James's August 2020 electricity usage bill was in the amount of $215.70, which was similar to his electricity usage bills prior to the solar panel system becoming operational, thereby not evidencing any offset (or anything near the represented offset).

33.     Thereafter, Plaintiff James failed consistently to receive the offset he was promised and was thus harmed.

### *Plaintiff Julie Stewart's Experience*

34.     On or about January 13, 2020, Plaintiff Stewart was approached by one of Defendant's representative at a local BJ's Wholesale Club.  At that time, the representative explained the savings Ms. Stewart would achieve if she started using a solar panel system marketed by Defendants as the system would fully offset her electricity usage bills from her current electricity provider.

35.     On or about January 21, 2020, in reliance on a promised offset of 101%, which was memorialized in the purchase agreement provided by Defendants, Plaintiff Stewart purchased a solar panel system through Defendants.

36.     Plaintiff Stewart's solar panel system was installed in March 2020, and service commenced during June 2020.

37.     Contrary to Defendants' representations, Plaintiff Stewart's July 2020 electricity usage bill was similar to her electricity usage bills prior to the solar panel system becoming operational, thereby not evidencing any offset (or anything near the represented offset).

38.     Thereafter, Plaintiff Stewart failed consistently to receive the offset she was promised and was thus harmed.

### *Plaintiff Zaker Ahmed's Experience*

39.     On or about September or October 2017, Plaintiff Ahmed was contacted via telephone by a representative of Defendants.  At that time, the representative explained the savings Mr. Ahmed would achieve if he started using a solar panel system marketed by Defendants as the system would fully offset his electricity usage bills from his current electricity provider.

40.     On or about November 10, 2017, in reliance on a promised offset of 100.7%, which was memorialized in the purchase agreement provided by Defendants, Plaintiff Ahmed purchased a solar panel system through Defendants.

41.     During April 2018, Plaintiff Ahmed's solar panel system was installed, and service commenced during May 2018.

42.     Contrary to Defendants' representations, Plaintiff Ahmed's May and June 2018 electricity usage bills were similar to his electricity usage bills prior to the solar panel system becoming operational, thereby not evidencing any offset (or anything near the represented offset).

43.     Thereafter, Plaintiff Ahmed failed consistently to receive the offset he was promised and was thus harmed.

### **CLASS ACTION ALLEGATIONS**

44.     Plaintiffs bring this case individually and pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as follows (the "Class"):

> All persons or entities residing or located in Connecticut, New York, New Jersey, Rhode Island, Massachusetts, and New Hampshire, who leased or purchased a solar panel system marketed by one of the Defendants and who did not receive the offset on their electricity usage charges they were promised during the class periods as determined by the applicable State statutes of limitations, and continuing until Defendants' unlawful acts and the effects of their acts cease (the "Class Periods").

45.     This action is brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Federal Rule of Civil Procedure 23.

46.     The requirements of Rule 23(a)(1) have been met.  The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiffs, Defendants' own publicly disclosed customer data shows over 10,000 customers in the States of Connecticut, New York, New Jersey, Rhode Island, Massachusetts, and New Hampshire.  The identity of all such Class members is known to Defendants and can be identified through their records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail and/or, electronic mail.

47.     The requirements of Rule 23(a)(2) have been met.  There are questions of law and fact common to the members of the Class including, without limitation:

a.     Whether Defendants deceptively marketed solar panel systems with the promise of a false electricity usage offset;

b.     Whether the Class suffered damages by not receiving the offset they were promised; and

c.     Whether Defendants' false statements regarding offsets in electricity usage charges constituted a deceptive or unfair act or acts in violation of Connecticut's Consumer Protection Laws (and/or similar statutes in effect in the other States in which Class members reside), for which Plaintiffs and the Class are entitled to recover damages.

48.     The requirements of Rule 23(a)(3) have been met.  Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and the members of the Class were each

deceived by Defendants in believing they would have significant electricity usage charge offsets after they started using solar energy systems marketed by Defendants.

49.     The requirements of Rule 23(a)(4) have been met.  Plaintiffs are adequate class representative because their interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiffs have retained competent counsel who are experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

50.     Class certification of Plaintiffs' claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  It would be impracticable for each individual member of the Class, on an individual basis, to effectively obtain redress for the wrongs committed against them.  Furthermore, thousands of separate lawsuits would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT GEN. STAT. § 42-110a, *ET SEQ.*[1]

51.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1-50, above, as if fully alleged herein.

52.     Plaintiffs brings this claim individually and on behalf of the members of the Class.

53.     Defendants falsely promised Plaintiffs and the members of the Class that by installing and using a solar panel system marketed by Defendants their electricity usage bills would be fully or substantially offset and they would pay little or no money for electricity usage to their incumbent electricity provider.

54.     Such a promise was a material promise to Plaintiffs and the Class because otherwise Plaintiffs and the Class would have no monetary incentive to pay for the solar panel systems Defendants were marketing.

55.     Defendants concealed from Plaintiffs and the Class that the solar power systems they were marketing could not actually carry out on such a promise, and that they in fact had numerous complaints from other customers to that effect.

56.     Defendants concealed from Plaintiffs and the Class the true cost of purchasing the solar panel systems and the lack of savings they would enjoy thereafter.

57.     Defendants made such misstatements and carried out their deceptive practices through electronic, verbal and confirming written communications to Plaintiffs and the Class.

---

[1] Such laws, as it may be determined, include, but are not limited to, the New York General Business Law §§ 349 and 350, *et seq.*, New Jersey Consumer Fraud Act N.J.S.A. 56:8-1, *et seq.*, Rhode Island General Laws § 6-13.1-1, *et seq.*, New Hampshire Rev. Stat. Ann. §§ 358-A1, *et seq.*, and Mass. Gen. Laws Ann. Ch. 93A, §§ 1-11.

58.     Defendants' conduct and misstatements to Plaintiffs and the Class were intended to induce them to purchase or lease a solar panel system, despite Plaintiffs and the Class not being required to purchase or lease in order to receive electricity for their residence or business.

59.     Plaintiffs and the Class were induced to install and use Defendants' solar panel systems because of the promise that their electricity usage bills would be fully or substantially offset and they would pay little or no money for electricity usage.

60.     Plaintiffs and the Class have not received the offset in electricity usage costs as promised by Defendants.

61.     Consequently, Plaintiffs and the Class suffered substantial damages.

62.     Plaintiffs and the Class are therefore entitled to damages, attorneys fees, costs, and declaratory relief.

**SECOND CLAIM FOR RELIEF**
**NEGLIGENT MISREPRESENTATION**

63.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1-50, above, as if fully alleged herein.

64.     Plaintiffs brings this claim individually and on behalf of the members of the Class.

65.     Defendants owed a duty to Plaintiffs and the Class by virtue of their marketing solar panel systems to them.

66.     Defendants also owed a duty to Plaintiffs and the Class by virtue of conducting consultations with Plaintiffs and the Class and analyzing their electricity usage and capacity to handle a solar panel system and how many solar panels to recommend.  These consultations, in which Defendants stressed their expertise to Plaintiffs and the Class, led to Plaintiffs' and the Class's reasonable reliance on the offsets promised by Defendants.

67.     Defendants knew or should have known that they were falsely promising Plaintiffs and the Class that by installing and using Defendants solar panel systems their electricity usage bills would be fully or substantially offset and they would pay little or no money for electricity usage.

68.     Such a promise was a material promise to Plaintiffs and the Class because otherwise Plaintiffs and the Class would have no monetary incentive to pay for Defendants' solar panel systems.

69.     Defendants concealed from Plaintiffs and the Class that they could not actually carry out and provide the benefits of such a promise, and that they in fact had numerous complaints from other customers to that effect.

70.     Defendants concealed from Plaintiffs and the Class the true cost of purchasing solar panel systems and the lack of savings they would enjoy thereafter.

71.     Defendants made such misstatements and carried out their deceptive practices through electronic, verbal, and other written communications to Plaintiffs and the Class.

72.     Defendants' conduct and misstatements to Plaintiffs and the Class induced them to purchase solar panel systems, despite Plaintiffs and the Class not being required to in order to receive electricity for their residence.

73.     Plaintiffs and the Class were induced to install and use solar panel systems marketed by Defendants because of the promise that their electricity usage bills would be offset and they would no longer have to pay for (or any material amounts for) electricity usage to their incumbent provider.

74.     Plaintiffs and the Class did not benefit from an offset in electricity usage costs as promised by Defendants.

75.     Consequently, Plaintiffs and the Class suffered substantial damages.

76.     Plaintiffs and the Class are therefore entitled to damages, attorneys fees, costs, and declaratory relief.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT

77.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1-50, above, as if fully alleged herein.

78.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

79.     Defendants were unjustly enriched through their marketing of solar panel systems to Plaintiffs and the Class.

80.     Without Defendants' deceptive marketing to Plaintiffs and the Class, they would have not purchased or leased a solar panel system.

81.     Defendants have failed to provide the promise they gave to Plaintiffs and the Class about an offset in electricity usage charges.

82.     Plaintiffs and the Class paid monthly finance, lease, or upfront payments for the solar panel systems marketed by Defendants.

83.     Defendants have unjustly received such payments despite knowing that they deceived and misrepresented their promise of an offset in electricity usage charges to Plaintiffs and the Class.

84.     Accordingly, Defendants were unjustly enriched by Plaintiffs and the Class in a substantial monetary amount and by reputational success.

85.     Consequently, Plaintiffs and the Class suffered substantial damages.

86.     Plaintiffs and the Class are therefore entitled to damages, attorneys fees, costs, and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs and the Class against Defendants as follows:

(a)     For an order certifying the Class under Federal Rule of Civil Procedure 23 and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c)     For compensatory, restitutionary, punitive, and treble damages under all applicable statutory and common laws in an amount to be determined by the trier of fact;

(d)     Awarding Plaintiffs' reasonable attorneys' fees, costs, and expenses;

(e)     Awarding pre- and post-judgment interest on any amounts awarded; and

(f)     Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: October 1, 2021

Seth Lesser (Bar No.: CT 27068)
Jeffrey Klafter*
Amir Alimehri*
**KLAFTER LESSER LLP**
2 International Drive, Suite 350
Rye Brook, New York 10601
T. (914) 934-9200
E. seth@klafterlesser.com
   jak@klafterlesser.com
   amir.alimehri@klafterlesser.com

Cary L. Flitter*
Andrew M. Milz*

**FLITTER MILZ, P.C.**
450 N. Narberth Ave., Suite 101
Narberth, PA 19072
T. (610) 822-0782
E. cflitter@consumerslaw.com
   amilz@consumerslaw.com

*\*Pro hac vice* application to be filed

*Counsel for Plaintiffs and Proposed Class*